# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WALKER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-111 |
| | ) | CR416-157 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Christopher Walker was indicted in state court for fifteen counts of assault, damage to property, and possession of a firearm for a crime spree in Savannah and Port Wentworth, Georgia. Doc. 42[1] at Exh. A. In federal court, he was then indicted for, and pled guilty to, a single count of being a felon-in-possession of a firearm related to the Port Wentworth incident. Docs. 1 (indictment), 34 (plea agreement). Walker's Presentence Investigative Report (PSR) reflected "pending charges" in two "related" state cases. PSR at ¶¶ 32-33.

The calculation of the advisory range of imprisonment under the

---

[1] The Court is citing to the criminal docket in CR416-157 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

federal Sentencing Guidelines relied on the conduct charged in both cases. *See* PSR at ¶ 12 (under U.S.S.G. § 2K2.1(b)(1), the guns found both in Port Wentworth and his home factored in); *id.* at ¶ 20 (four level offense increase because he possessed a firearm in connection with another felony offense -- his state aggravated assault charges). The Court sentenced Walker to 84 months' imprisonment, within the advisory Guidelines range of 70-87 months. Doc. 35; *see* PSR at ¶ 49. At that point, nothing had happened in his state cases -- no plea agreement, no proffered plea, no sentencing hearing set. There was therefore no argument at Walker's federal sentencing regarding concurrent/consecutive sentencing; no state sentence had been imposed. The Court only recommended, as part of the judgment, that Walker receive credit toward his federal sentence "for all time served in custody since February 24, 2016, that is not credited to another sentence." Doc. 35 at 2.

Three months later, Walker pled guilty in his state case and received a sentence of seven years' imprisonment, to be served concurrent to any sentence imposed in his Port Wentworth state case. Doc. 42 at Exh. A. He pled guilty in his Port Wentworth state case as

well, and received a sentence of one year's imprisonment, to be served concurrent to both his Savannah state sentence *and* his federal sentence. *Id.* at Exh. B. Walker filed no appeal of his federal sentence, and he remains in state custody. He has filed this 28 U.S.C. § 2255 motion to vacate and correct his sentence to reflect that it is to be served concurrent to his state sentences. Doc. 39.

Relying on U.S.S.G. §§ 5G1.3(b) and (c), Walker argues that his counsel deficiently failed to argue (1) that his federal and state sentences should run concurrently and (2) that his federal sentence should be adjusted "for any period already served on the undischarged state term[s] of imprisonment." Doc. 39 at 1. Neither section is on point.

Since Walker hadn't been sentenced on his state charges, Section 5G1.3(b) did not apply at all to Walker's federal sentencing. It applies only when, at the time of federal sentencing, another sentence has *already* been imposed in a related case. *See* U.S.S.G. § 5G1.3(b) & comment (n.2(D)) (providing for an adjustment to the federal sentence to account for an undischarged term of imprisonment already in place).

And Section 5G1.3(c) applies only where, at the time of federal

sentencing, "a state term of imprisonment is *anticipated* to result from another offense that is relevant conduct" to the federal offense. U.S.S.G. § 5G1.3(c) (emphasis added); *see also Setser v. United States*, 566 U.S. 231, 233 (2012) (federal judges have the authority to order that a federal sentence be made consecutive or concurrent to an existing state sentence or "an anticipated state sentence that has not yet been imposed."). In that case, the Court "shall" impose a sentence to "run concurrently to the anticipated term of imprisonment." *Id.* However, at the time of federal sentencing, there was no "anticipated term of imprisonment" in Walker's state cases -- no plea agreement, guilty plea, or sentencing hearing had been set in either case. Docs. 35 (judgment), 42 at Exhs. A & B (state court records); *see also United States v. Smith*, 2017 WL 118409 at *2 (N.D. Ill. Jan. 12, 2017) (rejecting application of Section 5B1.3(c) where there had not yet been any conviction in the state case at the time of federal sentencing, as the Court could not "have had a firm idea of what the [state] sentence would be premised on. It is one thing to take into account . . . an anticipated sentence when there is conviction with a relatively stable set of facts on which the sentence will be premised; it is quite another to try predicting what

set of facts a future sentence is based on when there is not even a *conviction* yet."), cited in doc. 42 at 6-7. Walker's "pending" state cases (*see* PSR at ¶¶ 32-33; doc. 42 at Exhs. A & B) -- still at the charging stage -- were not "anticipated terms of imprisonment" warranting such adjustment.

Because his state cases were still pending at the time of sentencing, Walker's contention that counsel was ineffective for failing to convince the Court that any federal sentence should be served concurrently to his not-yet-imposed state sentences for relevant conduct falls flat. *See United States v. Alvarez*, 184 F. App'x 876, 881 (11th Cir. 2006) (counsel not deficient where movant could not meet his *Strickland*[2] burden "to show a reasonable probability that, had his sentencing counsel made an explicit request, the district court would have ordered" his sentences to run concurrently); *Diaz-Boyzo v. United States*, 294 F. App'x 558, 560 (11th Cir. 2008) (counsel is not ineffective

---

[2]  To demonstrate ineffective assistance, an appellant must show both (1) deficient performance by counsel and (2) a reasonable probability that counsel's deficient performance affected the trial outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *see also Peoples v. Campbell*, 377 F.3d 1208, 1244 (11th Cir. 2004) (in the sentencing context, the defendant must show a reasonable probability that his sentence would have been different).

for failing to pursue a "nonmeritorious issue"); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same). Walker's speculation that the Court may have ordered his federal sentence to run concurrently to his (at that point merely hypothetical) state sentences simply does not render counsel's performance deficient.[3]

Accordingly, Christopher Walker's § 2255 motion should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R.

---

[3] Moreover, the Court clearly recognized the possibility of later state sentences when it ordered Walker to receive federal credit for "all time served in custody since February 24, 2016, that is not credited to another sentence." Doc. 35 at 2. It is unclear that any plea by counsel would have changed the Court's sentencing. The Court, within its sound discretion, left any concurrent/consecutive consideration to the state, which had before it the more serious aggravated assault and firearm charges. Doc. 42 at Exhs. A & B; *see United States v. Hoffman*, 847 F.3d 878, 883 (7th Cir. 2017) ("[r]ather than imposing a concurrent sentence and thus limiting the sentencing options of the state judge, the federal district judge merely deferred. Such deferral was entirely appropriate, and to be encouraged, when the district judge has reason to believe that a state judge might have additional facts before it relevant to sentencing."); *Smith*, 2017 WL 118409 at *2 ("it is not likely that this Court would have wanted to tie the hands of the [state] judge -- who might have wanted (and, indeed, did want) -- to impose a consecutive sentence. . . . [T]he later-sentencing state court will be in a better position to make the consecutive-or-not decision simply because the state court will have more information at that future date.").

[4] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, his request for an evidentiary hearing (doc. 39 at 20) is **DENIED**. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __10th__ day of August, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA